THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
ALFREDO CARUSO, Appellant.

Second Department, October 4, 1918.

**Crime — robbery in first degree as second offense — evidence —
reasonable doubt.**

Prosecution of a defendant for the crime of robbery in the first degree as
a second offense. Relevant evidence directed to the factum of the crime
*held* insufficient to exclude reasonable doubt, and that, therefore, the
defendant should have a new trial.
KELLY and JAYCOX, JJ., dissented.

APPEAL by the defendant, Alfredo Caruso, from a judgment
of the Supreme Court, Kings county, rendered against him
on the 2d day of October, 1917, convicting him of the crime
of robbery in the first degree as a second offense, and also
from an order made on the same day, after sentence, denying
his motion for a new trial, and also from an order entered in
the office of the clerk of the county of Kings on the 29th day.
of January, 1918, denying his motion for a reargument of
the prior motion for a new trial.

*Martin W. Littleton,* for the appellant.

*Harry G. Anderson, Assistant District Attorney [Harry E.
Lewis, District Attorney,* with him on the brief], for the
respondent.

PER CURIAM:

The defendant has been convicted of robbery in the first
degree as a second offense. The conviction rests practically
on the testimony of the complainant, an ignorant sailor, little
acquainted with the English language. He testified that about
ten o'clock at night, on Hamilton avenue near Union street, in
the city of Brooklyn, he was set upon by two men and a boy;
that two of them ran away; that the third came behind him
and stabbed him on the hip or buttock and afterwards in the
face; that he turned his head and saw the face of his assailant
and that the defendant was the man; that before the fracas
he had four dollars in the outside pocket of his coat, which

afterwards was missing. The defendant was arrested on Hamilton avenue, nearly three hours afterwards, evidently as a suspicious person, and a bone-handled clasp knife, with one four-inch blade sharpened to a point, found on his person. There was no evidence of blood upon the knife or upon the person of the defendant. The complainant had been drinking, but, according to him, not to intoxication. There was a serious difference between the evidence of the complainant and that given by the detective who arrested the defendant on the street. The complainant testified that defendant was brought to the police station fifteen or twenty minutes after the assault, and the detective testified that it was nearly three hours afterwards. The police officer who brought the complainant to the station house was not called, nor the physician who examined him. The case as to the fact of the assault, the facts from which the inference of robbery were drawn, and the condition of complainant, whether drunk or sober, rested entirely on his own testimony. To this was opposed the evidence of three witnesses to an alibi and the evidence of the defendant himself. · The conviction was had, followed by the serious sentence of from ten to twenty years' imprisonment, on the complainant's identification of the defendant, a man whom he had never seen before, as the man who assaulted him, from a glance at him in the midst of a struggle at ten o'clock at night. The evidence of the complainant is confused, and his condition was such that he apparently mistook a lapse of time of nearly three hours in duration for fifteen or twenty minutes.

On this record the jury convicted the defendant of robbery in the first degree. This seems a surprising result, for we find no capital error in ruling upon evidence, nor in the charge. We think the reason for the verdict may be found in incidents of the trial which moved the jury to believe that the defendant was a hardened and desperate man. It is not necessary to detail them; it is enough to say that they include the method of the cross-examination, his answers therein, and the not unjustifiable but evident indication of the court's opinion. No person can read the record without feeling that the defendant is a lawless and dangerous man.

But that does not justify conviction. We think the relevant evidence directed to the factum of the crime is not sufficient to exclude reasonable doubt, and that the defendant should have a new trial.

The judgment of conviction and orders should be reversed and a new trial granted.

Jenks, P. J., Mills and Blackmar, JJ., concurred; Kelly and Jaycox, JJ., voted to affirm.

Judgment of conviction and orders reversed and new trial granted.